**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1242-15T3

R.L.,

    Plaintiff-Respondent,

v.

M.H.,

    Defendant-Appellant.

_____

Argued January 19, 2017 — Decided March 20, 2017

Before Judges Lihotz and Whipple.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Cape May
County, Docket No. FV-05-000142-16.

Robert D. Herman argued the cause for
appellant.

Respondent has not filed a brief.

PER CURIAM

    Defendant, M.H., appeals from an October 8, 2015 order
entering a final restraining order (FRO) barring defendant from
having any contact with his wife, plaintiff R.L. We reverse and
vacate the FRO.

We discern the following facts from the record. Plaintiff and defendant were married on October 23, 2011. Plaintiff and defendant were in the middle of a divorce when, on September 16, 2015, plaintiff went to the marital home to pick up some of her personal belongings. The parties had arranged for plaintiff to go to the house on September 16. Defendant attempted to cancel the day before, but plaintiff went to the home anyway because she had arranged for family members, as well as the police, to assist her in moving. Plaintiff testified defendant did not know she would be coming that day. Plaintiff was escorted to the marital home by two North Wildwood police officers, as well as her stepfather and a friend who both stayed outside the home while plaintiff and the officers went inside. Defendant attempted to refuse plaintiff entry, but one of the officers told defendant plaintiff had a right to enter.

Plaintiff and defendant's accounts differ about what happened inside. Plaintiff testified once inside she began packing items into containers, but defendant grabbed her clothing, threw items on the floor, and argued all of the items were his. She testified defendant grabbed her arm and began yelling at her stepfather and friend, telling them he would file a complaint against them. Plaintiff described defendant as verbally aggressive and testified she was holding a wicker basket that was her grandmother's and

contained bed linens, and defendant attempted to grab it from her. Plaintiff stated defendant stood in doorways and blocked her from entering rooms. Later that day, plaintiff noticed a small cut on her leg and filed for a Temporary Restraining Order. She testified the restraining order is necessary due to defendant's unpredictability. Additionally, she stated defendant previously coerced her to keep her name on the marital home lease because he was in the process of obtaining a green card; however, plaintiff testified her name is no longer on the lease.

Defendant offered a different version. He testified he called the North Wildwood police station to ask an officer to contact his wife to see if she could come on a different date to pick up her belongings. He was told plaintiff was fine with the arrangement; however, plaintiff arrived on the previously scheduled day. Defendant testified plaintiff's stepfather and friend began taking his possessions from the walls and front porch. Defendant conceded the wicker basket was plaintiff's but testified it contained his towels and underwear. Defendant denied ever grabbing or harming plaintiff and testified a mover subsequently removed all of plaintiff's items from the house.

The trial judge granted plaintiff's application for an FRO, finding defendant harassed plaintiff by impeding her access to the marital home, as well as taking items from plaintiff's hands and

throwing them. The judge made no credibility findings despite the parties' differing accounts. Additionally, the trial judge found defendant committed an assault when he grabbed her arm. The trial judge stated on the record, "I find that there's ongoing immigration proceedings which are a cause of some stress to the defendant . . . which warrant the entry of an order in the favor of the plaintiff." The trial judge also commented on his past experiences with the parties, noting this was either the second or third time he had seen them. The judge stated "defendant's stubbornness and inability and unwillingness to let go" was an additional reason to grant plaintiff's application for an FRO. At the same hearing, the trial judge also granted a final judgment of divorce.

On appeal, defendant argues the evidence adduced at trial is insufficient to establish he violated one of the predicate offenses as set forth in N.J.S.A. 2C:25-19(a). We agree.

We exercise a limited scope of review over a trial judge's findings of fact. Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974). We give due regard to the trial judge's credibility determinations based upon the opportunity of the trial judge to see and hear the witnesses. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998).

The New Jersey Prevention of Domestic Violence Act, <u>N.J.S.A.</u> 2C:25-17 to -35, defines domestic violence by a list of predicate offenses found within the New Jersey Criminal Code. <u>J.D. v. M.D.F.</u>, 207 <u>N.J.</u> 458, 473 (2011). We have found the commission of any one of the predicate offenses does not automatically mandate entry of a domestic violence restraining order. <u>Kamen v. Egan</u>, 322 <u>N.J. Super.</u> 222, 227 (App. Div. 1999) (citing <u>Corrente v. Corrente</u>, 281 <u>N.J. Super.</u> 243, 248 (App. Div. 1995)).

A judge's review of a domestic violence complaint is two-fold. <u>Silver v. Silver</u>, 387 <u>N.J. Super.</u> 112, 126 (App. Div. 2006). The first step is to "determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in <u>N.J.S.A.</u> 2C:25-19(a) has occurred." <u>Ibid.</u> The acts claimed by "plaintiff to be domestic violence must be evaluated in light of the previous history of domestic violence between the plaintiff and defendant including previous threats, harassment, and physical abuse and in light of whether immediate danger to the person or property is present." <u>Corrente</u>, <u>supra</u>, 281 <u>N.J. Super.</u> at 248 (citing <u>N.J.S.A.</u> 2C:25-29(a)(1) and (2)). The second step asks whether, after finding the commission of a predicate offense for domestic violence, "the court should enter a restraining order that provides protection for the victim." <u>Silver</u>, <u>supra</u>, 387 <u>N.J. Super.</u> at 126. Therefore, "the guiding

standard is whether a restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25-29(a)(1) to -(6), to protect the victim from an immediate danger or to prevent further abuse." Id. at 127. Those factors include:

> (1) The previous history of domestic violence between the plaintiff and defendant, including threats, harassment and physical abuse;
>
> (2) The existence of immediate danger to person or property;
>
> (3) The financial circumstances of the plaintiff and defendant;
>
> (4) The best interests of the victim and any child;
>
> (5) In determining custody and parenting time the protection of the victim's safety; and
>
> (6) The existence of a verifiable order of protection from another jurisdiction.
>
> [N.J.S.A. 2C:25-29(a).]

The predicate offenses found by the trial judge here are harassment, N.J.S.A. 2C:25-19(a)(13), and assault, N.J.S.A. 2C:25-19(a)(2). Harassment is defined, pursuant to N.J.S.A. 2C:33-4, as

> a person commits a petty disorderly persons offense if, with purpose to harass another, he:
>
> (a) Makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in

offensively coarse language, or any other manner likely to cause annoyance or alarm;

(b) subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or

(c) engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.

For a finding of harassment under N.J.S.A. 2C:33-4, the actor must have the purpose to harass. Corrente, supra, 281 N.J. Super. at 249 (citing D.C. v. T.H., 269 N.J. Super. 458, 461-62 (App. Div. 1994)). Finding a party had the purpose to harass must be supported by evidence the party's "conscious object was to alarm or annoy; mere awareness that someone might be alarmed or annoyed is insufficient." J.D., supra, 207 N.J. at 487 (citing State v. Fuchs, 230 N.J. Super. 420, 428 (App. Div. 1989)). Additionally, our courts must be mindful of cases involving "the interactions of a couple in the midst of a breakup of a relationship." Ibid.

The evidence in the record does not establish defendant harassed plaintiff pursuant to N.J.S.A. 2C:33-4. The relationship between the parties was volatile but defendant's action on the day plaintiff went to the martial home to pick up her belongings did not constitute harassment. The trial judge found defendant harassed plaintiff by impeding her access to the marital home and taking items from plaintiff's hands and throwing them. However,

without more, the record does not support a finding of harassment pursuant to N.J.S.A. 2C:33-4. Plaintiff arrived at the marital home a day before defendant believed she would be coming. Defendant testified he called the North Wildwood police station to move plaintiff's scheduled visit back a day in order for him to clean up the house. Plaintiff knew defendant was not aware she would be coming on September 16. The trial judge made an opaque reference to prior applications for relief and made a conclusory determination of harassment not anchored in detailed findings or credibility determinations.

The trial judge also found assault. Assault is defined where the actor

> (1) Attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or
>
> (2) Negligently causes bodily injury to another with a deadly weapon; or
>
> (3) Attempts by physical menace to put another in fear of imminent serious bodily injury.
>
> [N.J.S.A. 2C:12-1(a).]

Bodily injury is defined as "physical pain, illness or any impairment of physical condition." N.J.S.A. 2C:11-1(a). "Not much is required to show bodily injury. For example, the stinging sensation caused by a slap is adequate to support an assault." N.B. v. T.B., 297 N.J. Super. 35, 43 (App. Div. 1997).

The trial judge found defendant assaulted plaintiff when he grabbed her arm. While the facts may support defendant committed assault by grabbing plaintiff's arm, causing her discomfort, which could satisfy the first step in the <u>Silver</u> analysis, we do not find a restraining order to be necessary to protect plaintiff from further abuse. The second step in the <u>Silver</u> analysis asks whether a restraining order "is necessary . . . to protect the victim from an immediate danger or to prevent further abuse." <u>Silver</u>, <u>supra</u>, 387 <u>N.J. Super.</u> at 127. Plaintiff and defendant were granted a final judgment of divorce, all plaintiff's belongings were removed from the marital home, and plaintiff testified her name is no longer on the lease. Additionally, the parties do not have children. There is nothing in the record to demonstrate an ongoing potential for contact and the record does not support the entry of a FRO to protect plaintiff from further abuse.

Reversed, and the final order is vacated.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION